IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO OSCAR TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-422-MHT-SRW |
| | ) | |
| THE STATE OF ALABAMA, JUDGE GREG GRIFFIN | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on June 9, 2016, the District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 3). Plaintiff Antonio Oscar Tatum, proceeding *pro se*, has filed a motion for leave to proceed in forma pauperis in this action. Upon consideration of the motion, it is

ORDERED that the motion (Doc. 2) is GRANTED.

However, upon review of the complaint, the court concludes that plaintiff's claims are barred by Eleventh Amendment and judicial immunity and, thus, are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in relevant part: "[T]he court shall dismiss the case at any time if the court determines that … the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B).

**I.     Introduction**

Tatum, a state inmate, filed this 42 U.S.C. § 1983 action on June 8, 2016. Tatum alleges that his current incarceration, pursuant to a sentence imposed on him on June 11, 2015 by the Circuit Court of Montgomery County, Alabama, is unconstitutional. Tatum raises claims pursuant to 42 U.S.C. §§ 1983 and 1988 for malicious prosecution, abuse of process, and false imprisonment. Tatum also references the Alabama Litigation Accountability Act. Tatum names as defendants the State of Alabama and Montgomery County Circuit Court Judge Greg Griffin. He seeks $200,000 in monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**II.    Relevant Facts**

Tatum alleges that he signed a plea agreement in a criminal case in the Circuit Court of Montgomery County, Alabama, on April 29, 2015. According to Tatum, in exchange for his entering a guilty plea, he was to receive "time served" and all of his pending criminal cases were to "run concurrent." Tatum alleges that he had five pending cases at the time – one for receipt of stolen property in the first degree; two for possession of a controlled substance; one for possession of marijuana; and one for giving a false name. Tatum states in his complaint that on June 11, 2015, he was "sentenced t[o] time served," but was "illegally incarcerat[ed]" thereafter. Tatum also alleges that he was sentenced "with all case[s] run concurrent," but "the courts didn't run the other cases concurrent," and that the "other case(s) [sic]" are still pending against him. As noted above, he raises claims for

malicious prosecution, abuse of process, and false imprisonment, and seeks $200,000 in damages.

## III. Discussion

### A. The State of Alabama

Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by private citizens. *Hans v. Louisiana*, 134 U.S. 1 (1980). The Eleventh Amendment bars suits directly against "the State or one of its agencies or departments … regardless of the nature of the relief sought," *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984), and extends to a defendant that acts as "an arm of the State." *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), *cert. denied* 540 U.S. 1107 (2004). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garret*, 531 U.S. 356, 363 (2001). Absent the state's "unequivocally expressed" consent or waiver of its Eleventh Amendment immunity, or a valid abrogation of that immunity by Congress, a federal court may not exercise jurisdiction over a lawsuit against a state. *Pennhurst*, 465 U.S. at 99; *Garrett*, 531 U.S. at 363; *Cross v. State of Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995).

The State of Alabama has not expressed its consent to suit or waived its sovereign immunity, and Congress did not abrogate that immunity in § 1983 or § 1988. The Alabama Constitution provides that "[t]he state of Alabama shall never be made a defendant in any court of law or equity." Ala. Const., Art. I, § 14. Alabama has not consented to being sued as to any of plaintiff's claims. *See Alabama v. Pugh* 438 U.S. 781, 782 (1978)

("Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution[.]"); *Stroud v. McIntosh*, 722 F.3d 1294, 1303 (11th Cir. 2013) ("Alabama retains a 'nearly impregnable' immunity from suit, *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002), and neither the state legislature nor any other state authority can waive it, *Larkins v. Dept. of Mental Health & Mental Retardation*, 806, So. 2d 358, 363 (Ala. 2001)."); *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989). It is well-settled that Congress did not abrogate the states' Eleventh Amendment immunity in section 1983.[2] *Cross*, 49 F.3d at 1502; *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). Accordingly, all counts against the State of Alabama are subject to dismissal under § 1915(e)(2)(B)(iii), as they are barred by the State's sovereign immunity and the Eleventh Amendment.

**B. Judge Greg Griffin**

All of the allegations made by Tatum against Judge Griffin emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *See Forrester v. White*, 484 U.A. 219, 227–29 (1988); *Paisey v. Vitale in and for Broward County* 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). In light of the foregoing, Tatum's

---

[2] "Section 1988 does not create an independent cause of action for deprivation of constitutional rights." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 n.1 (11th Cir. 1981) (per curiam). Because Congress did not create an independent cause of action in this section, it necessarily follows that Congress did not abrogate Eleventh Amendment immunity. *See Alyshah v. Georgia*, 239 F. App'x 473 (11th Cir. 2007) (upholding dismissal of an action brought under § 1988 based on immunity under the Eleventh Amendment).

claims for monetary damages against Judge Griffin are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**IV. Conclusion**

Accordingly it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the State of Alabama be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii).

2. Plaintiff's claims against Judge Greg Griffin be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

It is further ORDERED that **on or before June 16, 2017**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 2nd day of June, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge